**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000054
15-FEB-2024
08:01 AM
Dkt. 71 SO**

NOS. CAAP-23-0000054 AND CAAP-23-0000055

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-23-0000054**
IN THE INTEREST OF K.R.
(FC-S NO. 19-00183)

AND

**CAAP-23-0000055**
IN THE INTEREST OF C.R.
(FC-S NO. 20-00094)

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

In this consolidated appeal, Father-Appellant (**Father**) appeals from the Family Court of the First Circuit's January 25, 2023 orders terminating parental rights.[1] On appeal, Father

---

[1] The Honorable Jessi L.K. Hall entered the Orders and the Findings of Fact and Conclusions of Law.

asserts insufficiency of the evidence and a due process violation.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced by the parties, we resolve Father's arguments below, and affirm.

(1)  In challenging the sufficiency of the evidence, Father argues that the family court must "find that reasonable efforts where [sic] provided" in order to terminate his parental rights.  To that point, Father maintains the Department of Human Services (**DHS**) did not inquire if the prison offered services, failed to arrange visits with the children, and did not do enough regarding his domestic violence, substance abuse, and mental health issues.

"DHS is under an obligation to provide a reasonable opportunity to parents through a service plan to reunify the family."  In re Doe, 100 Hawaiʻi 335, 343, 60 P.3d 285, 293 (2002).  But "DHS is not required to provide services beyond what [is] available within the correction system."  In re B.K., 149 Hawaiʻi 172, 484 P.3d 185, No. CAAP-20-0000619, 2021 WL 1250384 at *3 (App. Apr. 5, 2021) (SDO).  Moreover, unchallenged

---

[2]  In his points of error, Father identifies Findings of Fact numbers 63, 102, 125, 126, 130, 131, 132, 140, 141, and 142, and Conclusions of Law numbers 17, 18, and 19, as "erroneously found."  Rather than addressing these findings and conclusions individually in the argument section of his brief, Father appears to challenge them in the context of the points raised on appeal.  We address the challenged findings and conclusion in a likewise manner.

findings are binding on this court and this "court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence[.]"  In re Doe, 95 Hawaiʻi 183, 190, 20 P.3d 616, 623 (2001) (citation and internal quotation marks omitted).

Here, Father's social worker testified he offered to refer Father to anger management and domestic violence classes, and referred Father to domestic violence classes and parenting education classes, which Father did not complete.  Father's social worker testified that he discussed with Father about starting supervised visits with his children, K.R. and C.R., and offered supervised visits with K.R.  The resource caregivers similarly testified Father was offered visits with his children.  And per Father's own testimony, he quit the last three substance abuse programs he was enrolled in.

Because the family court found the social worker's and resource caregivers' testimonies credible and the above findings were not challenged, there was sufficient evidence to show Father was provided reasonable opportunities to receive services and visit his children.

(2)  Father contends the family court "made an error in discharging [his] court-appointed counsel for 8-9 months, violating his due process rights under the Constitution, and failing to provide a fundamentally fair process."  Father argues his absence was not voluntary because he was incarcerated.

3

"The right to counsel is not automatically violated when a beneficiary of that right voluntarily absents themselves from the family court proceedings." In re J.H., 152 Hawaiʻi 373, 379, 526 P.3d 350, 356 (2023). Moreover, "[t]here is no violation of a parent's due process right to counsel when a family court discharges and later reappoints counsel, and the case, viewed in its entire context, establishes that the parent received a fundamentally fair trial . . . ." Id. 152 Hawaiʻi at 381, 526 P.3d at 358.

Due to missing multiple hearings, Father's court-appointed attorney was discharged in K.R.'s case on November 30, 2020 and in C.R.'s case on December 29, 2020. In his opening brief, Father notes he "testified he had been incarcerated since 2019-2020" citing to "T of 01/23/23 p.108." There, Father's testimony was, "[s]o I've . . . been incarcerated since 2020. '19, 2019, not too sure. 2020 I think I've been locked up . . . I've been in and out, but then mostly been locked up, incarcerated." This testimony, however, does not establish that Father's failure to appear was not voluntary.

Moreover, after the sixth day of trial in K.R.'s case, Father appeared with newly-appointed counsel on July 1, 2021 for a periodic review in C.R.'s case. The family court then set aside the trial in K.R.'s case and reset trial to be held jointly with C.R.'s case. Since then, Father and his newly-

appointed counsel participated in the hearings, mediation, and consolidated trial that followed.  Thus, viewing these cases in their entire context, Father had a "meaningful opportunity to participate in [his] case with the aid of counsel."  In re J.H., 152 Hawaiʻi at 381, 526 P.3d at 358.

Based on the foregoing, we affirm the family court's January 25, 2023 orders terminating parental rights.

DATED:  Honolulu, Hawaiʻi, February 15, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Tae Chin Kim,
for Father-Appellant.                   /s/ Keith K. Hiraoka
                                        Associate Judge
Anne E. Lopez,
Attorney General,                       /s/ Sonja M.P. McCullen
Simeona A. Mariano,                     Associate Judge
Julio C. Herrera,
Deputy Attorneys General,
for Petitioner-Appellee.